**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                :
ANTHONY JAMES,                  :
                                :     CIVIL ACTION NO. 07-5135 (MLC)
        Plaintiff,              :
                                :     MEMORANDUM OPINION
        v.                      :
                                :
ROBERT WOOD JOHNSON             :
UNIVERSITY HOSPITAL,            :
                                :
        Defendant.              :
_____:
```

**COOPER, District Judge**

The plaintiff, Anthony James, commenced this action against
his former employer - the defendant, Robert Wood Johnson
University Hospital - alleging claims under the Age
Discrimination in Employment Act ("ADEA"), Title VII of the Civil
Rights Act ("Title VII"), and the New Jersey Law Against
Discrimination ("NJLAD") for race and age discrimination. (Dkt.
entry no. 1, Compl. at 1, 4, 5, 7.) The defendant now moves for
summary judgment in its favor. (Dkt. entry 32, Mot. For Summ.
J.) The plaintiff opposes the motion. (Dkt. entry 39, Pl. Br.
at 1.) The Court determines the motion on the briefs without an
oral hearing, pursuant to Federal Rule of Civil Procedure
("Rule") 78(b). For the reasons stated herein, the Court will
(1) grant the part of the motion concerning the ADEA and Title
VII claims, and (2) dismiss the NJLAD claims without prejudice to
reinstate in state court.

**BACKGROUND**

The plaintiff, a fifty-eight year old self-identified African-American man, was hired on October 23, 2000 by the defendant in a clerical position. (Dkt. entry no. 32, Def. Br. at 3; dkt. entry no. 35, Pl. Statement of Uncontested Facts.) He later became a patient representative in the defendant's Emergency Department. (Pl. Statement of Uncontested Facts.) The patient representative position required communication with patients and their families. (Id.) In January 2007, the defendant conducted a reduction in force due to budgetary concerns. (Def. Br. at 4.) This reduction resulted in the elimination of several patient representative positions, leaving only one full-time and one part-time evening position remaining. (Id.) Additionally, as of January 2007, patient representatives would be required to be able to communicate with patients and their families in basic Spanish. (Id.) The two remaining patient representative positions were offered to the current patient representatives by their seniority. (Dkt. entry no. 32, Def. Statement of Undisputed Material Facts.) The position was first offered to someone with more seniority who was also identified as being an African-American, and older than the plaintiff. (Dkt. entry no. 41, Def. Reply Br. at 9.) The plaintiff's supervisor informed him that his position would be eliminated as of February 9, 2007, but he would be eligible for the position on the evening shift if

he could speak "medical Spanish." (Def. Br. at 4-5.)[1]  Despite
admitting to his inability to competently speak Spanish, the
plaintiff opted to take a medical Spanish test, which he failed.
(Def. Statement of Undisputed Material Facts.)  The plaintiff was
then offered a medical records file clerk position and an
interview for a  position in the Respiratory Unit, but he
declined these offers.  (Id.)  The plaintiff was laid off
effective March 17, 2007.  (Def. Br. at 6.)

        The plaintiff filed a Charge of Discrimination with the
Equal Employment Opportunity Commission ("EEOC") alleging that he
was laid off due to race and age.  (Id. at 7.)  The EEOC issued a
decision stating:

> [t]he reason for your layoff was based on the fact that
> Respondent had budgetary reasons and can only retain two
> Patient Representative positions in the Emergency
> Department.  Respondent's requirement that . . . the Patient
> Representative be able to speak Spanish is a bona fide
> occupational qualification . . . You were not laid off . . .
> because of your Race and Age.

(Dkt. entry no. 32, Boshak Cert., Ex. 5, EEOC Decision).

### DISCUSSION

**I.   Motion for Summary Judgment**

**A.   Motion for Summary Judgment Standard**

        The standard for a motion for summary judgment is well-
settled and will be briefly summarized here.  Rule 56(c) provides

---

[1]  The plaintiff asserts that he was not informed that only
medical Spanish was required.  (Pl. Br. at 17.)  He states that
he believed Spanish fluency was required.  (Id.)

3

that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor."  United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009) (citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

**B.    Title VII and ADEA Legal Standards**

Title VII prohibits employment discrimination because of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  Thus, to succeed on a claim of race discrimination, the plaintiff must establish that he was the subject of purposeful discrimination.  Weldon v. Kraft, Inc., 896 F.2d 793, 796 (3d Cir. 1990).  The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  To succeed, the plaintiff ultimately must show that age actually motivated or had a determinative influence on the

4

employer's adverse employment decision.  Fasold v. Justice, 409 F.3d 178, 183-84 (3d Cir. 2005).

Under Title VII, a prima facie case of discriminatory discharge must be asserted by alleging that (1) the plaintiff is a member of the protected group; (2) the plaintiff was qualified for the position; (3) the plaintiff was subject to an adverse employment action; and (4) other similarly situated individuals not in the protected group received better treatment.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981); Dungee v. Ne. Foods, Inc., 940 F.Supp. 682, 686 (D.N.J. 1996).  If the plaintiff succeeds in presenting a prima facie case, then the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action.  Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  If the defendant makes such a showing, the plaintiff must then demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination.  Id.

The ADEA is "construed under the same legal analytical framework" as Title VII.  Reich v. Schering Corp., No. 07-1508, 2009 WL 3230361, at *11 (D.N.J. Sept. 30, 2009).  As such, a prima facie case of age discrimination must first be made by showing that the plaintiff (1) was a member of a protected class,

i.e., was over forty years old; (2) was qualified for the
position; (3) suffered an adverse employment action; and (4) was
ultimately replaced by a person sufficiently younger to permit an
inference of age discrimination.  Wooler v. Citizens Bank, 274
Fed.Appx. 177, 180-81 (3d Cir. 2008); Narin v. Lower Merion Sch.
Dist., 206 F.3d 323, 331 (3d Cir. 2000).  If the plaintiff
succeeds, then the burden-shifting framework that applies to
Title VII claims commences.  Reich, 2009 WL 3230361, at *11.

## II.  The Plaintiff Fails to Make a Prima Facie Case for Discrimination

The defendant asserts that the plaintiff fails to make a
prima facie case of both race and age discrimination.  (Def. Br.
at 9.)  It argues that the plaintiff cannot establish a prima
facie case because he was not qualified for the patient
representative position at issue.  (Id. at 10.)  The plaintiff,
in his deposition, asserted that he believed he was laid off
because he could not speak Spanish.  (Dkt. entry no. 32, Boshak
Cert., Ex. 3, James Dep. 178:1-18.)  When asked about the reason
for being laid off, the plaintiff stated "I believe because I
don't speak Spanish, whether I would be black or white, I didn't
speak Spanish and I believe that anyone who is black or white and
didn't speak Spanish would have been discriminated against in
that situation."  (Id. at 178:1-5.)  When asked again, the
plaintiff confirmed that he believed he did not get the remaining
patient representative position because of his inability to speak

Spanish.  (<u>Id.</u> at 178:9-11.) ("Q. . . . You're stating you didn't get the job because you didn't speak Spanish?  A. Correct.")  The plaintiff further stated that if he spoke Spanish, "they would have given me the job." (<u>Id.</u> at 182:8-13.)  As such, the defendant asserts that the plaintiff cannot make a prima facie case of either age or race discrimination as he was not qualified for the position in question.  (Def. Br. at 12.)

The defendant further argues that even if the plaintiff can establish a prima facie case of discrimination, the defendant had a legitimate non-discriminatory reason for the layoff.  (<u>Id.</u> at 12-13.)  The defendant asserts that the reduction in force provides a non-discriminatory reason and that it had a legitimate reason for mandating that employees in this position spoke Spanish.  (<u>Id.</u> at 13.)  The defendant states that language requirements do serve legitimate non-discriminatory purposes in certain situations.  (<u>Id.</u>)  It argues that as it has established a legitimate non-discriminatory reason, the plaintiff must now show that this reason was mere pretext for the discriminatory action.  (<u>Id.</u> at 16.)

In responding, the plaintiff first asserts that the defendant relies on inadmissible evidence in its motion.  (Pl. Br. at 4, 9.)  The plaintiff then contends that the defendant failed to provide any documentation of the budget restrictions it claims necessitated the layoff.  (<u>Id.</u> at 15.)  The plaintiff also

challenges the defendant's assertions regarding the Spanish-speaking population that the hospital serves and the need for Spanish-speaking patient representatives. (<u>Id.</u> at 16.) As such, the plaintiff challenges the defendant's assertion of its legitimate non-discriminatory reason for his termination. (<u>Id.</u> at 20.) The plaintiff emphasizes that no one ever informed him that only "medical Spanish"-speaking ability was required. (<u>Id.</u> at 17.) He states that he could have easily learned this limited amount of Spanish. (<u>Id.</u> at 15, 17.) The plaintiff asserts that his admission regarding his inability to speak Spanish is irrelevant. (<u>Id.</u> at 18.)

While the plaintiff is undoubtedly a member of a protected class for ADEA and Title VII purposes, he fails to establish a prima facie case for employment discrimination. In reviewing a motion for summary judgment, the Court must determine whether the non-moving party has presented a genuine issue of material fact in opposing the motion. Fed.R.Civ.P. 56(e)(2). Here, the plaintiff has failed to do so.

To be qualified for the patient representative position, the plaintiff was required to have some Spanish-speaking ability. (Def. Br. at 4.) The plaintiff failed the test on medical Spanish offered by the defendant and admitted to being unable to speak Spanish. (Def. Statement of Undisputed Material Facts.) The plaintiff's differentiation between medical Spanish and

8

fluency in Spanish is insufficient to present a genuine issue of material fact.  Further, even if this distinction were significant, the plaintiff failed a test given on only medical Spanish.  The fact remains that the plaintiff was admittedly not qualified for the position as he lacked the Spanish skills necessary for the position.  As such, the plaintiff failed to establish a prima facie case of discrimination and the part of the motion for summary judgment concerning the ADEA and Title VII claims will be granted.

**III. NJLAD Claims**

The Court will dismiss the Complaint insofar as it asserts NJLAD claims, but without prejudice to the plaintiff to recommence the action insofar as it concerns the NJLAD claims in state court within thirty days of the Court's Order and Judgment, as the limitations period for the cause of action is tolled by the filing of a federal complaint.  See 28 U.S.C. § 1367(c)(3),(d).  The Court offers no opinion on the merits or the viability of the NJLAD claims, or any affirmative defenses thereto.

If the plaintiff seeks reconsideration of the Court's decision, then he will do so at his own peril; the Court will not extend the thirty-day period to proceed on the NJLAD claims in state court.  The plaintiff should then consider bringing a protective action in state court, as "[t]here is nothing

9

necessarily inappropriate . . . about filing a protective

action." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S.

280, 294 n.9 (2005).

## CONCLUSION

The Court, for the reasons stated supra, will grant the part

of the motion concerning the ADEA and Title VII claims.  The

Court will issue an appropriate order and judgment.


          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   November 19, 2009